PER CURIAM.
Holmes appeals from the four-year habitual offender sentence he received after entering a guilty plea to attempted burglary of a conveyance.[1] Holmes did not receive any notice the state or trial judge intended to seek an enhanced sentence prior to entering his plea. The plea form merely says that “should” he be determined to be a felony offender by the trial judge he “could” receive a longer prison sentence and “would not be entitled” any basic gain time.
*152 We have held that this type of plea form does not satisfy the notice requirement of Ashley v. State, 614 So.2d 486 (Fla.1993). See Thompson v. State, 638 So.2d 116 (Fla. 5th DCA 1994). Accordingly, we vacate the sentence and remand. On remand, the trial court may sentence as it deems appropriate. The trial court should give Holmes an opportunity to withdraw his plea and proceed to trial if it determines an enhanced sentence is justified, or sentence Holmes to a guidelines sentence.
Sentence VACATED; REMANDED.
COBB, W. SHARP and THOMPSON, JJ., concur.

. §§ 810.01, 777.04, Fla.Stat. (1993).