644 So.2d 585 (1994)
Joseph SANTORO, Appellant,
v.
STATE of Florida, Appellee.
No. 93-2404.
District Court of Appeal of Florida, Fifth District.
October 28, 1994.
James B. Gibson, Public Defender, and Susan A. Fagan, Asst. Public Defender Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Myra J. Fried, Asst. Atty. Gen., Daytona Beach, for appellee.
HARRIS, Chief Justice.
Once again we are faced with an alleged Ashley[1] violation. In this case, the State concedes that Joseph Santoro did not receive the requisite written notice of intent to habitualize prior to his plea as required by Ashley. Nor did he receive the actual (oral) notice during the sentencing proceeding that we held adequate in Grasso v. State, 639 So.2d 152 (Fla. 5th DCA 1994) and Voth v. State, 638 So.2d 121 (Fla. 5th DCA 1994).
Here, the State claims that the Ashley requirement has been satisfied because the plea agreement contains the following provision:
My attorney has explained to me the total maximum penalties for the charge(s) and as a result I understand the following:
* * * * * *
c. That a hearing may hereafter be set and conducted in this case to determine if I qualify to be classified as a Habitual Felony Offender or a Violent Habitual Felony Offender, and:
1. That should I be determined by the Judge to be a Violent Habitual Felony Offender, and should the Judge sentence me as such, I could receive up to a maximum sentence of ____ years imprisonment and a mandatory minimum of ____ years imprisonment and that as to any habitual offender sentence I would not be entitled to receive any basic gain time.
2. That should I be determined by the Judge to be a Non-Violent Habitual Felony Offender, and should the Judge sentence me as such, I could receive up to a maximum sentence of ____ years imprisonment and a mandatory minimum of ____ years imprisonment and that as to any habitual offender sentence I would not be entitled to receive any basic gain time.
d. That whether a guidelines sentence or departure sentence or habitual offender *586 sentence, I will receive a mandatory minimum sentence of ____ years imprisonment.[2]
Although the form provision in this case is somewhat expanded from a similar provision in the plea agreement that we rejected in Thompson v. State, 638 So.2d 116 (Fla. 5th DCA 1994), it still does not comply with what we considered to be the Ashley mandate: that the defendant be made aware prior to pleading that his habitualization will be sought. The only notice given in this new version of the plea agreement is that "a hearing may hereafter be set" to determine if the defendant qualifies as a habitual offender. As we stated in Thompson, the statute itself informs him of this possibility.[3] What the supreme court required in Ashley, and what we required in Thompson, was that the defendant be advised, prior to plea, that someone (the State or the judge)[4]will subject him to habitual consideration. This does not mean that the defendant must be advised that he will be habitualized. It only requires that the State advise the defendant prior to plea that he will be considered for habitualization. This requirement can easily be accomplished (though it may cut down on the number of pleas) by placing in the negotiated plea form a provision that states: "We will request that the court conduct a hearing to determine whether you should be sentenced as a habitual offender to an enhanced term as outlined below." This informs the defendant not that he might be considered for habitual treatment but that he will be so considered. It will take this or some similar notice, we think, to satisfy the requirements of Ashley.
REVERSED and REMANDED for resentencing.
DAUKSCH, J., concurs.
GRIFFIN, J., dissents without opinion.
NOTES
[1] Ashley v. State, 614 So.2d 486 (Fla. 1993).
[2] The appropriate number of years were written into the blanks on the form.
[3] This is a form agreement. It is provided to both those who qualify as habitual offenders and those who do not. It is not intended to imply that all who sign the agreement are subject to habitual offender treatment. It does little more than provide the defendant with a summary of the habitual offender statute.
[4] The judge's ability to initiate habitual offender treatment has been placed in doubt by the enactment of section 775.08401, Florida Statutes (1993), which requires the "state attorney in each judicial district" to adopt uniform criteria to determine the eligibility requirements in determining which multiple offenders should be pursued as habitual offenders in order to ensure "fair and impartial application of the habitual offender statute." It appears that this statute, effective June 17, 1993, may very well have "repealed" Toliver v. State, 605 So.2d 477 (Fla. 5th DCA 1992), rev. denied, 618 So.2d 212 (Fla. 1993), which permitted the sentencing judge to initiate habitual offender consideration. It now appears that the legislature has determined that it is only the state attorney, in order to ensure "fair and impartial application," who can seek habitual offender treatment of a defendant  and then only if the defendant meets a circuit-wide uniform criteria.