W. SHARP, Judge.
Eversole appeals from his sentence after he pled no contest to one count of sexual *241 battery and violation of probation on an unrelated charge. The state did not file notice it would seek imposition of an habitual offender sentence pursuant to section 775.084, Florida Statutes (1993). After the trial judge accepted Eversole’s plea, the judge served notice he would conduct a hearing to determine whether or not to classify Ever-sole as an habitual offender. The plea agreement only indicated that this “may” be set and a hearing conducted to determine if he should be sentenced as an habitual offender. Following the hearing, Eversole was given a 15 year habitual felony offender sentence, followed by 10 years on probation.[1]
In view of this court’s decisions in Santoro v. State, 644 So.2d 585 (Fla. 5th DCA 1994) and Thompson v. State, 638 So.2d 116 (Fla. 5th DCA 1994), rev. granted, 649 So.2d 234 (Fla.1994), we conclude error occurred in sentencing Eversole in this case. Accordingly, we reverse the sentence and remand for resentencing. The trial court may sentence as it deems appropriate consistent with the sentencing guidelines, or it may impose an habitual felony offender sentence, so long as it gives Eversole an opportunity to withdraw his plea and proceed to trial. At resentencing, the court should either sentence Eversole within the guidelines (including a departure sentence) or as an habitual offender if the court believes a greater sentence is justified, so long as it advises him of its intent to impose an habitual offender sentence, and permit him to either accept the greater sentence or withdraw his plea and proceed to trial. In addition we note the imposition of a $120.00 fee to First Step as a special condition of probation was erroneous and should not be imposed on remand.
Sentence VACATED; REMANDED FOR RESENTENCING.
HARRIS, C.J., concurs.
GRIFFIN, J., dissents with opinion.

. Although this sentence falls within both the permitted (7-17 years) and recommended (9-12 years) guideline ranges, habitualization also re-suits in the ineligibility for basic gain time and the central release of prisoners program. § 775.084(4)(e).