W. SHARP, Judge,
concurring specially.
I concur with the result of the majority opinion because the record in this case establishes that Deramus had actual notice at the plea hearing, prior to entering his plea, that he qualified for an habitual offender sentence and that if the plea agreement was not accepted, the prosecution actually intended to seek habitual offender penalties. That is sufficient to meet the requirements of Ashley v. State, 614 So.2d 486 (Fla.1993). However, if this case turned solely on the wording of the plea agreement alone — “No habitual— abide by agreement” — in my view that would not be sufficient to satisfy Ashley. See Santoro v. State, 644 So.2d 585 (Fla. 5th DCA 1994), rev. granted, 652 So.2d 818 (Fla.1995).