W. SHARP, Judge.
Booth appeals from a judgment and sentence for resisting an officer with violence.[1] He pled guilty after entering into a plea agreement and entering into a dialogue with the trial judge. Subsequently, the court served notice on Booth that it intended to hold a hearing to sentence Booth as an habitual offender. Booth moved to withdraw his plea, which the trial judge denied. He adjudicated Booth guilty and sentenced him as an habitual felony offender. We vacate the sentence and remand for further proceedings.
The plea agreement in this case simply raised the possibility that Booth might be sentenced as an habitual offender. It provided:
e. That a hearing may hereafter be set and conducted in this case to determine if I qualify to be classified as a Habitual Felony Offender or a Violent Habitual Felony offender, and:
(1) That should I be determined by the Judge to be a Violent Habitual Felony Offender, and should the Judge sentence me as such, I could receive up to a maximum sentence of _10^ years imprisonment and a mandatory minimum of _5_ years imprisonment and that as to any habitual offender sentence I would not be entitled to receive any basic gain time.
(2) That should I be determined by the Judge to be a Non-Violent Habitual Felony Offender, and should the Judge sentence me as such, I could receive up to a maximum sentence of 10 years imprisonment and a mandatory minimum of_ years imprisonment and that as to any habitual offender sentence I would not be entitled to receive any basic gain time.
Further, at the plea hearing, the judge asked Booth if he understood he could receive a sentence up to those maximum set forth in paragraphs 4(a) through (c) of the agreement, if Booth were found to be an habitual offender. Booth replied, “Yes.” However, there was never any indication that the trial judge or the prosecution intended to pursue an habitual offender sentence.
A hearing was held on Booth’s motion to withdraw his plea. He testified he did not think he would be sentenced as an habitual offender and that he entered his plea based on that understanding. He admitted he knew it was possible he could be found to be an habitual offender, but at the time he entered his plea, he did not think a hearing-on that issue would be held.
This court has interpreted Ashley v. State, 614 So.2d 486 (Fla.1993) as requiring that a defendant be made aware, prior to entering a plea, either that the state intends to seek habitual offender treatment, or that the court intends to do so. Thomspon v. State, 638 So.2d 116 (Fla. 5th DCA 1994). Giving notice that the possibility exists that a defendant may be sentenced as an habitual offender is not sufficient. Santoro v. State, 644 So.2d 585 (Fla. 5th DCA 1994); Jones v. State, 639 So.2d 147 (Fla. 5th DCA 1994); Blackwell v. State, 638 So.2d 119 (Fla. 5th DCA 1994); Thompson v. State, 638 So.2d 116 (Fla. 5th DCA 1994). We may not be *573 correct in this interpretation of Ashley but as a court we are committed to it.
Accordingly, we vacate Booth’s sentence in this case and remand to the trial court. At resentencing, the trial court should either sentence Booth pursuant to the guidelines (including a departure sentence), or, if the court believes a more severe sentence is necessary, it should allow Booth to withdraw his guilty plea and proceed to trial.
Judgment AFFIRMED; Sentence VACATED; REMANDED.
HARRIS, C.J., concurs.
GOSHORN, J., dissents with opinion.

. § 843.01, Fla.Stat. (1993).