W. SHARP, Judge.
Gibson appeals from his habitual felony offender sentence, after he pled guilty to violating his probation, robbery without a weapon[1] and aggravated assault.[2] He claims the trial court erred because he was not advised prior to sentencing that he would be considered for habitualization. We affirm.
The written plea Gibson entered into notified him that he would be considered for habitualization and advised him there might be a hearing set to determine whether he was a habitual offender. The judge also advised Gibson of the possibility of a hearing to determine whether he qualified for habitu-alization at the plea hearing, at which time Gibson expressed his affirmative understanding of this fact. But, based on cases from this court,[3] he contends that the written plea was insufficient to give him prior notice under Ashley v. State, 614 So.2d 486 (Fla.1993).
However, the supreme court has recently quashed those decisions. State v. Blackwell, 661 So.2d 282 (Fla.1995). In doing so, the supreme court distinguished Ashley because, in that case, the defendant was given no notice whatsoever of habitualization prior to acceptance of his plea. The entire discussion at the plea hearing centered on the sentencing guidelines, indicating a guidelines sentence would be imposed. No mention was made of habitualization. Thus, Ashley’s plea was not knowing or intelligent. Where the maximum terms, loss of gain time, and possible mandatory minimum terms are spelled out in detail before accepting the pleas, and the court confirms with the defendant that he has read the plea and understands it, the defendant’s plea is knowing and intelligent.
We find that Gibson made a knowing and intelligent plea in this case. Paragraph 4 of the plea agreement was identical to the one signed in Blackwell. Further, the judge ascertained Gibson’s understanding of paragraph 4 of the plea at the plea hearing. After Gibson responded that he knew and understood the possibility that he might be habitualized and exposed to such sentencing, the judge found the plea knowingly and intelligently made. Under Blackwell, Gibson received sufficient prior notice of the habituali-zation. We find no other error in this case except the court’s imposition of a condition to *300 pay $84.00 to First Step of Volusia County, Inc., which we strike. See Walker v. State, 653 So.2d 484 (Fla. 5th DCA 1995); Johnson v. State, 648 So.2d 263 (Fla. 5th DCA 1994); Tibero v. State, 646 So.2d 213 (Fla. 5th DCA 1994).
AFFIRMED; Condition to pay First Step of Volusia County, Inc. STRICKEN.
DAUKSCH and THOMPSON, JJ., concur.

. Section 812.13, Fla.Stat. (1993).

. Section 784.045, Fla.Stat. (1993).

. Holmes v. State, 639 So.2d 151 (Fla. 5th DCA 1994); Jones v. State, 639 So.2d 147 (Fla. 5th DCA 1994); Brown v. State, 638 So.2d 120 (Fla. 5th DCA 1994); Blackwell v. State, 638 So.2d 119 (Fla. 5th DCA 1994); Thompson v. State, 638 So.2d 116 (Fla. 5th DCA 1994).