GUNTHER, Chief Judge.
Appellant, Demetrius Collins, defendant below (Collins), appeals a final judgment of guilt and sentence for sale or delivery of cocaine and possession of cocaine. Because Collins did not receive written notice of the *319 State’s intent to habitualize prior to acceptance of his plea, we vacate the habitual offender sentence and remand for resentenc-ing.
Collins was charged by information with sale or delivery of cocaine and possession of cocaine. Subsequently, on November 19, 1992, Collins changed a not guilty plea to a plea of nolo contendere. At Collins’ plea colloquy, the State orally informed the trial court that it was offering ten years as an habitual offender. The trial court then asked Collins if he understood the consequences of his plea and that he could be sentenced as an habitual offender. Collins repeatedly stated that he did. Thereafter, the trial court found that Collins understood the consequences of his plea, determined that there was a factual basis for the plea, and accepted Collins’ change of plea as being freely and voluntarily entered. The sentencing hearing was set for a later date, January 4,1993.
On January 4,1993, the State informed the trial court that it had yet to furnish Collins and his trial counsel with written notice of intent to habitualize. The State requested a continuance in order to comply with lawful notice of intent to habitualize. The trial court granted the motion and reset Collins’ sentencing hearing. Consequently, the State served Collins and his trial counsel with written notice of its intent to seek enhanced habitual felony offender sanctions.
At the reset sentencing hearing, the trial court sentenced Collins as an habitual offender to be committed to the Department of Corrections on two counts of sale or delivery of cocaine for ten (10) years concurrent to two counts of possession of cocaine for three years probation to serve six months in the drug offender probation TIER program.
The Florida Supreme Court has held that in order for a defendant to be habitualized following a guilty or nolo plea, the following must take place prior to acceptance of the plea: 1) The defendant must be given written notice of intent to habitualize, and 2) the court must confirm that the defendant is personally aware of the possibility and reasonable consequences of habitualization. Ashley v. State, 614 So.2d 486, 490 (Fla.1993).
Recently, the Florida Supreme Court revisited the Ashley requirements in five similar cases. In all cases, the defendants pled guilty to various crimes, submitting written pleas that contained clear provisions apprising the defendants of maximum and mandatory minimum sentences as to a guidelines sentence, a departure sentence, or a violent or non-violent habitual felony offender sentence. State v. Blackwell, 661 So.2d 282 (Fla.1995) (quashing Blackwell v. State, 638 So.2d 119 (Fla. 5th DCA 1994); Brown v. State, 638 So.2d 120 (Fla. 5th DCA 1994); Holmes v. State, 639 So.2d 151 (Fla. 5th 1994); Jones v. State, 639 So.2d 147 (Fla. 5th DCA 1994); and Thompson v. State, 638 So.2d 116 (Fla. 5th DCA 1994)). In quashing the appellate court’s opinions, the Florida Supreme Court held that the first prong of Ashley is satisfied where the defendant receives written notice of the possibility of habitualization before his or her plea is accepted. 661 So.2d at 284.
In the instant case, the State, in violation of Ashley, failed to serve Collins with written notice of intent to habitualize prior to the trial court’s acceptance of Collins’ plea. In addition, Collins’ plea agreement, unlike the defendants in Blackwell and related cases, made no mention of habitualization. Although the trial court orally confirmed that Collins understood the consequences of his plea and that Collins could be sentenced as an habitual offender, no written notice of intent to habitualize was served on Collins prior to acceptance of his plea in either the style of formal written notice or written notice clearly contained within a plea agreement.
Accordingly, we vacate the habitual offender sentence and remand for resentencmg. At resentencmg, Collins should be given the opportunity to withdraw his plea and proceed to trial if he so desires. See State v. Wilson, 658 So.2d 521 (Fla.1995). Should Collins plead nolo again or guilty, the trial court may in its discretion sentence Collins under the guidelines or impose an habitual offender term provided that the requirements of section 775.084, Florida Statutes (1993), and Ashley are met. See Id.
*320 SENTENCE VACATED AND REMANDED FOR RESENTENCING.
POLEN, J., and PATTI ENGLANDER HENNING, Associate Judge, concur.