OVERTON, Justice,
dissenting.
I dissent. This case is not the same as Blackwell. In this instance, the judge, rather than the state attorney, initiated the habitual offender sentence. Indeed, the judge did so subsequent to Booth’s entering his plea. The district court opinion reads, in part, as follows:
He pled guilty after entering into a plea agreement and entering into a dialogue with the trial judge. Subsequently, the court served notice on Booth that it intended to hold a hearing to sentence Booth as an habitual offender. Booth moved to withdraw his plea, which the trial judge denied. He adjudicated Booth guilty and sentenced him as an habitual felony offender.
Booth v. State, 654 So.2d 571, 572 (Fla. 5th DCA1995) (emphasis added).
This defendant, during his dialogue with the judge at the plea hearing, was certainly given notice that he could be sentenced as a habitual offender. I am concerned, however, that it was the judge who initiated the habitual offender process. In my view, the state attorney must initiate and give notice of ha-bitualization. In fact, the statute authorizes only the state attorney to initiate the habitu-alization process.[2] To broaden that authority to the sentencing judge by judicial fiat effectively places the judge in a prosecutorial role. This would allow the judge to both initiate the habitual offender sentencing process and adjudicate whether the defendant meets the statutory criteria.[3] I find that such a construction raises a significant due process issue. In my view, if a defendant is going to be habitualized, only the state attorney may initiate the process. For this reason, I dissent in this case.

. Section 775.08401, Florida Statutes (1993), reads:
The state attorney in each judicial circuit shall adopt uniform criteria to be used in determining if an offender is eligible to be sentenced as a habitual offender or a habitual violent felony offender. The criteria shall be designed to ensure fair and impartial application of the habitual offender statute. A deviation from this criteria must be explained in writing, signed by the state attorney, and placed in the case file maintained by the state attorney. A deviation from the adopted criteria is not subject to appellate review.

. The court must clearly remain impartial in making the decision as to whether the defendant qualifies as a habitual offender. The relevant portion of section 775.084(3), Florida Statutes (1993), provides:
In a separate proceeding, the court shall determine if the defendant is a habitual felony offender or a habitual violent felony offender.