805 So.2d 1087 (2002)
Robert E. PITTS, Appellant,
v.
STATE of Florida, Appellee.
No. 5D01-1010.
District Court of Appeal of Florida, Fifth District.
February 1, 2002.
James B. Gibson, Public Defender, and Leonard R. Ross, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Pamela J. Koller, Assistant Attorney General, Daytona Beach, for Appellee.
PETERSON, J.
This court reversed the judgment against and sentence imposed upon Robert E. Pitts and remanded to the trial court for "proceedings consistent with this opinion."[1] Apparently, the opinion confused the trial court, because two judges interpreted their duties differently. One trial judge concluded that if Pitts wanted to affirm his plea, an habitual offender sentence could not be imposed. Another trial judge, the one reaffirming the original sentence that is the subject of this appeal, concluded that Pitts only had the right to *1088 withdraw his plea and go to trial or the original habitual sentence would stand.
In reversing Pitts I, and remanding to the trial court, this court cited Collins v. State, 665 So.2d 318 (Fla. 4th DCA 1995) as a guide to the resentencing proceedings. In Collins, the defendant's plea was accepted by the court followed by the State's announcement that it intended to habitualize but failed to give notice. The court granted a continuance to provide an opportunity to the State to give the defendant the notice. The State then gave notice, a sentencing hearing was held and an habitual felony sentence was imposed. The district court vacated the sentence citing non-compliance with the requirement of Ashley v. State, 614 So.2d 486 (Fla.1993). Ashley requires the following to take place before the court's acceptance of a plea and sentencing as an habitual offender:
1. The defendant must be given written notice of the intent to habitualize.
2. The sentencing court must then confirm that the defendant is personally aware of the possibility and reasonable consequences of habitualization.
Collins also described the procedure to be followed upon remand:
1. A resentencing hearing is to be held.
2. The defendant must be given the opportunity to withdraw the plea and proceed to trial.
3. Should the defendant plead nolo or guilty again, the trial court may in its discretion impose a guideline sentence or an habitual offender term provided that the requirements of section 775.084, Florida Statutes (1993) and Ashley are met.
Collins may have caused some confusion for the trial court in the instant case because the judgment of guilt was not vacated before remand in order to allow the defendant to re-enter a plea, a detail of insignificance since it was implied that the intent was to remand to the trial court so that the case could begin again at the preplea stage.
In the instant case, Pitts I is absolutely clear that both the judgment and sentence were eliminated and the matter remanded for further proceedings. In other words, the matter was remanded to begin again at the pre-plea stage.
We begin again by reaffirming that Pitts' judgment and sentence have been vacated and upon remand:
1. The State will have the opportunity to serve a written notice of intent to habitualize if it desires.
2. The State and the court must follow the provisions of section 775.084 and the requirements of Ashley.

3. Pitts may enter a plea or proceed to trial.
4. If Pitts enters a plea after having been served with a notice of intent to habitualize and having been advised by the court of the possibility and consequences of habitualization as required by Ashley, he is to be adjudicated and sentenced in accordance with the guidelines or habitualized, the choice to be within the trial court's discretion.
We remand for the procedure outlined above.
REMANDED.
GRIFFIN and PLEUS, JJ., concur.
NOTES
[1] Pitts v. State, 766 So.2d 1191 (Fla. 5th DCA 2000) (Pitts I).