SHIVERS, Judge.
Appellant appeals the trial court’s denial of his RCrP 3.850 motion for post-conviction relief. In his motion, appellant alleged that he was intoxicated at the time he entered his pleas of guilty to grand theft and aggravated battery, that the trial court failed to honor the sentencing part of the plea bargain, and that appellant was denied *30 effective assistance of counsel. The trial court denied appellant’s motion, attaching to its order a copy of the plea of guilty and negotiated sentence form executed by appellant and copies of the transcripts of the plea and sentencing hearings. We affirm.
First, appellant’s allegation that he was intoxicated at the time he entered his pleas is affirmatively refuted by the plea of guilty and negotiated sentence form executed by appellant at the time he entered his pleas of guilty. See generally O’Quinn v. State, 364 So.2d 775, 776 (Fla. 1st DCA 1978), cert. denied, 373 So.2d 460 (Fla.1979). In this form, appellant acknowledged that he was not under the influence of any drug, substance or condition which would interfere with his understanding and appreciation of his pleas and the consequences thereof.
Next, we find that appellant waived any right to now complain about the trial court’s failure to honor the sentencing part of the plea bargain. Sub judice, after negotiations with the State, appellant pled guilty to grand theft and aggravated battery in exchange for an agreed maximum sentence of one year in the county jail to be followed by five years probation. Sentencing was set for a hearing to be held in three weeks. The trial judge advised appellant that if he did not show up at the sentencing hearing when scheduled, appellant’s pleas of guilty would stand, but that the maximum of one year in the county jail would be off.
Appellant failed to show up at the scheduled sentencing hearing. When appellant did finally show up at a subsequently scheduled hearing, defense counsel informed the trial court that he had advised appellant of the trial court’s position that the sentencing part of the plea negotiations was no longer in force and that appellant could receive up to the maximum penalty of twenty years. Defense counsel further informed the trial court that he had asked appellant whether he wanted him (defense counsel) to try and withdraw appellant’s pleas of guilty and that appellant had requested that he not. After presentation of testimony in aggravation and mitigation of appellant’s sentences, appellant was sentenced to five years on the grand theft charge and ten years on the aggravated battery charge, these sentences to run concurrently.
Under the circumstances detailed above, we find, as previously noted, that appellant waived any right to now assert that the trial court failed to honor the sentencing part of the plea bargain. Here, appellant had full knowledge at the sentencing hearing of the trial court’s position that it was not bound by the sentencing part of the plea bargain and that it could impose within its discretion up to the maximum penalty allowed by law. Notwithstanding, appellant chose not to try to withdraw his previously entered pleas of guilty and, instead, chose to rely on the mercy of the court. Appellant may not now be heard to complain because the trial court’s mercy, or lack thereof, did not live up to appellant’s expectations. See generally Glover v. State, 9 FLW 2271 (Fla. 1st DCA 1984) (this court stating that where the defendant has full knowledge of the breach of a plea agreement prior to the imposition of sentence such that the defendant could have readily moved for withdrawal of his/her plea before the sentence, the defendant will not be heard afterwards to complain).
Finally, we find that the tactical decision to plead guilty in this case was not “outside the wide range of professionally competent assistance.” Strickland v. Washington, — U.S. -, 104 S.Ct. 2052, 2066, 80 L.Ed.2d 674 (1984).
Accordingly, the order on appeal is AFFIRMED.
WENTWORTH and NIMMONS, JJ., concur.