504 So.2d 28 (1987)
Doris DEVARD, Appellant,
v.
STATE of Florida, Appellee.
Case No. 87-455.
District Court of Appeal of Florida, Second District.
March 11, 1987.
*29 PER CURIAM.
Doris Devard appeals from the summary denial of her motion for postconviction relief. Of the three issues raised in Devard's motion, two are facially insufficient and the trial court properly denied relief on those grounds. However, the third point raised, if true, might entitle Devard to relief. She states that she entered into a plea agreement before one judge for two years, but that another judge imposed a sentence of five years. If in fact there was a plea agreement, it either should have been honored, or, if for some reason the court could no longer accept the agreement, Devard should have been afforded an opportunity to withdraw the plea. Hill v. State, 441 So.2d 650 (Fla. 2d DCA 1983). Coy v. State, 404 So.2d 135 (Fla. 4th DCA 1981). Compare Brimmer v. State, 462 So.2d 29 (Fla. 1st DCA 1984) (record demonstrated waiver of plea agreement by defendant).
Upon remand the trial court may again deny the motion if the files and records in the case conclusively demonstrate that Devard is not entitled to relief. However, the court should attach to its order of denial whatever record evidence it has relied upon. If on the other hand the record will not substantiate summary denial of the motion, the trial court should conduct further proceedings as set forth in Florida Rule of Criminal Procedure 3.850. Any party aggrieved by the subsequent actions of the trial court must file a notice of appeal within thirty days to obtain further appellate review.
Reversed.
RYDER, A.C.J., and SCHOONOVER and LEHAN, JJ., concur.