561 So.2d 1330 (1990)
Gerard Michael NUNZIATA, Appellant,
v.
STATE of Florida, Appellee.
No. 89-1033.
District Court of Appeal of Florida, Fifth District.
May 31, 1990.
*1331 James B. Gibson, Public Defender and Barbara L. Condon, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee and Colin Campbell, Asst. Atty. Gen., Daytona Beach, for appellee.
GOSHORN, Judge.
Nunziata appeals his sentence as an habitual offender pursuant to section 775.084, Florida Statutes (1984). He alleges that no written notice of the State's intention to seek enhancement of sentence as required by section 775.084(3)(b), Florida Statutes (1988)[1] appears of record. This court has recently held that the statute does not require the notice to be filed with the court, but only that the notice be served on the defendant and his attorney. Long v. State, 558 So.2d 1091 (Fla. 5th DCA 1990). In the case at bar, however, the State does not contend that notice was served, but rather urges that "it does not appear that the defendant was harmed by the lack of written notice." "Harm" is not the test. Where no advance written notice is served in accordance with the statute, any subsequent habitual offender enhancement is illegal. Grubbs v. State, 412 So.2d 27 (Fla. 2d DCA 1982).
Sentence VACATED, REMANDED.
COWART and PETERSON, JJ., concur.
NOTES
[1] Section 775.084(3)(b) states:

Written notice shall be served on the defendant and his attorney a sufficient time prior to the entry of a plea or prior to the imposition of a sentence so as to allow the preparation of a submission on behalf of the defendant.