609 So.2d 598 (1992)
James MASSEY, Petitioner,
v.
STATE of Florida, Respondent.
No. 79211.
Supreme Court of Florida.
December 3, 1992.
James B. Gibson, Public Defender and Paolo G. Annino, Asst. Public Defender, Seventh Judicial Circuit, Daytona Beach, for petitioner.
Robert A. Butterworth, Atty. Gen. and Bonnie Jean Parrish, Asst. Atty. Gen., Daytona Beach, for respondent.
GRIMES, Justice.
We review Massey v. State, 589 So.2d 336 (Fla. 5th DCA 1991), because of its conflict with Edwards v. State, 576 So.2d 441 (Fla. 4th DCA 1991). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
James Massey was charged with burglary of a dwelling and grand theft. Massey was originally represented by counsel. Shortly before trial, counsel withdrew and Massey represented himself. In open court during the trial, the state attorney announced *599 that she was filing a notice of intent to have Massey sentenced as a habitual felony offender. She explained that she had not yet made a copy of the notice. It was apparent that the notice had been prepared earlier because the certificate of service contained the name of Massey's previous attorney. After the jury found Massey guilty as charged, the trial judge stated:
I believe the state is filing notice of intent to habitualize, so we will need a hearing and a sentencing date, Madam Clerk, when you have the opportunity to provide such.
More than three months later, Massey wrote the trial judge a letter in which he stated that a week hence he was scheduled to come before the court for a hearing to be sentenced as a habitual offender. When the sentencing hearing occurred, Massey was once again represented by counsel. His counsel objected because she did not have a copy of the notice in her file, but she did not complain that Massey had not been furnished a copy. The trial judge pointed out that Massey and his attorney were well aware of the fact that the state was going to seek habitual offender status. Massey and his attorney then made extensive arguments seeking to obtain a sentence within the range of the sentencing guidelines. However, the court sentenced Massey as a habitual felony offender[1] to consecutive sentences of fifteen years' imprisonment for burglary of a dwelling and five years' imprisonment for grand theft.
On appeal, Massey argued that his sentence must be reversed because the notice of the state's intention to have him sentenced as a habitual offender had not been served upon him prior to sentencing as required by section 775.084(3)(b), Florida Statutes (1989). The district court of appeal recognized that there had not been strict compliance with the statute but held this to be harmless error because both Massey and his attorney had actual notice of the state's intention to seek habitual felony offender status.
In support of his position, Massey relies upon Edwards v. State, 576 So.2d 441, 442 (Fla. 4th DCA 1991), in which the court held that the failure to provide advance written notice of intent to seek habitual felony offender status is reversible error regardless of whether the defendant is harmed. There are other cases in which a contrary conclusion has been reached. In Roberts v. State, 559 So.2d 289, 290-91 (Fla. 2d DCA), review dismissed, 564 So.2d 488 (Fla. 1990), the court held:
Defendant also contends that the enhancement of his sentence as an habitual offender pursuant to section 775.084(3)(b), Florida Statutes (Supp. 1988), was invalid due to the failure of the state to serve defendant personally with the requisite notice of enhancement. We do not agree. Defendant's attorney was served with that notice, and there is no question that defendant had knowledge of the notice. While section 775.084(3) does, as defendant argues, state that such notice shall be served "on the defendant and his attorney," that section gives the purpose of that requirement as being "so as to allow the preparation of a submission on behalf of the defendant" in response to the notice. In this case there was such a response prepared and made on behalf of defendant, thus the purpose of the statute was fulfilled. We do not conclude that the legislature intended to permit a defendant to avoid the application of the statute on the technical grounds raised here.
Accord Rowe v. State, 574 So.2d 1107 (Fla. 2d DCA 1990), review denied, 576 So.2d 290 (Fla. 1991); Bradford v. State, 567 So.2d 911 (Fla. 1st DCA 1990), review denied, 577 So.2d 1325 (Fla. 1991).
*600 Under the facts of this case, we believe that the court below reached the proper conclusion. The purpose of requiring a prior written notice is to advise of the state's intent and give the defendant and the defendant's attorney an opportunity to prepare for the hearing. This purpose was clearly accomplished because Massey and his attorney had actual notice in advance of the hearing. It is inconceivable that Massey was prejudiced by not having received the written notice.
The dissenting opinion decries the necessity for a case-by-case inquiry into whether the defendant is harmed by the state's failure to comply with the statute. Yet, a case-by-case inquiry is exactly what the harmless error statute requires. Section 59.041, Florida Statutes (1989), mandates that:
No judgment shall be set aside or reversed ... by any court of the state ... for error as to any matter of ... procedure, unless in the opinion of the court ... the error complained of has resulted in a miscarriage of justice.
As noted by the court below, the issue in this case is not whether Massey must show harm in order to assert the lack of notice as error but rather whether the state, by affirmatively proving no harm, can bring this technical error within the harmless error rule. The state has clearly done so. To remand this case for a new sentencing would elevate form over substance.
We approve the decision of the court below and disapprove Edwards to the extent that it holds that there can never be a harmless error analysis upon the failure to strictly comply with the notice requirement of section 775.084(3)(b), Florida Statutes (1989). For the reasons expressed in footnote 1, we remand with directions that Massey's record be corrected so as to make clear that he was sentenced as a habitual felony offender rather than a habitual violent felony offender.
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, KOGAN and HARDING, JJ., concur.
SHAW, J., dissents with an opinion.
SHAW, Justice, dissenting.
Section 775.084(3)(b), Florida Statutes (1989), provides:
Written notice shall be served on the defendant and his attorney a sufficient time prior to the entry of a plea or prior to the imposition of sentence so as to allow the preparation of a submission on behalf of the defendant.
Massey did not receive the written notice required by the statute and this issue was preserved below. The statute is clear and its burden is not onerous. Avoiding its mandate will require a case-by-case analysis of harmlessness. I would adhere to the plain meaning of the statute and remand for resentencing.
NOTES
[1] The day following sentencing, the court entered an order finding Massey to be a violent felony offender. This was obviously a mistake because (1) Massey was only sentenced in open court as an habitual felony offender; (2) the prior felonies upon which the sentence was predicated were not of the nature which would have permitted sentencing as an habitual violent felony offender; and (3) the actual sentences imposed were those authorized for sentencing as an habitual felony offender and did not contain the minimum mandatory requirement contemplated when a defendant is being sentenced as an habitual violent felony offender.