636 So.2d 154 (1994)
David Randall LEWIS, Appellant,
v.
STATE of Florida, Appellee.
Nos. 92-4010 and 92-4011.
District Court of Appeal of Florida, First District.
April 27, 1994.
*155 Sher L. Allan of Isler & Banks, P.A., Panama City, for appellant.
Robert A. Butterworth, Atty. Gen., Carolyn J. Mosley, Asst. Atty. Gen., for appellee.
WEBSTER, Judge.
In these two direct criminal appeals, appellant seeks review of his sentences. In both cases, appellant argues that he was improperly sentenced as an habitual felony offender. We affirm.
In circuit court case number 89-385, appellant had originally entered a plea of no contest to the charge of aggravated battery, for which he was placed on probation. Appellant subsequently admitted that he had violated the conditions of his probation, having been charged with the new offenses of burglary of a structure and kidnapping in circuit court case number 91-1187. In case number 89-385, appellant's probation was revoked and he was placed on community control. In case number 91-1187 (appellant having pleaded no contest to the charges), the trial court deferred sentencing to see whether appellant successfully completed the term of community control imposed in case number 89-385. An express condition of the plea agreement in the two cases read as follows:
Defendant acknowledges that should he violate the terms of his Community Control, he shall be sentenced in Case No. 91-1187G to no more than 10 years DOC (Prison) as a Habitual Offender, should he qualify for Habitual Offender treatment. Defendant further acknowledges that the Court may also impose sentence on the violation of Community Control consecutive to any sentence in Case No. 91-1187G, in the event of any alleged violation.
A little more than a month after appellant had been placed on community control, he was charged with a violation of his conditions. After a hearing, the trial court found that appellant had violated the conditions of his community control. In case number 91-1187, the state presented uncontradicted evidence establishing that appellant qualified as an habitual felony offender. Accordingly, pursuant to the earlier plea agreement, the trial court sentenced appellant in case number 91-1187 as an habitual felony offender to ten years in prison on each count, the two sentences to run concurrent with each other; and in case number 89-385 to twenty months on community control, to be served consecutively to the sentences in case number 91-1187.
We find it unnecessary to address appellant's challenge to the community control sentence imposed in case number 89-385, because it is apparent from the record that appellant was not sentenced as an habitual felony offender in that case. The trial court did impose habitual felony offender sentences in case number 91-1187. Appellant argues that those sentences are illegal because he was never served with written notice of the state's intent to seek imposition of habitual felony offender sentences, as required by statute. § 775.084(3)(b), Fla. Stat. (1989). We disagree.
It is true that no written notice of the state's intent to seek habitual felony offender sentences appears in the record for case number 91-1187. (It appears that a notice *156 intended for that case was erroneously prepared with a reference to case number 89-385, causing it to be placed in that file.) However, the supreme court has held that failure to satisfy the written notice requirements of the habitual offender statute is subject to a harmless error analysis. Massey v. State, 609 So.2d 598 (Fla. 1992). In Massey, the court said:
The purpose of requiring a prior written notice is to advise of the state's intent and give the defendant and the defendant's attorney an opportunity to prepare for the hearing. This purpose was clearly accomplished because Massey and his attorney had actual notice in advance of the hearing. It is inconceivable that Massey was prejudiced by not having received the written notice.
Id. at 600.
As in Massey, "[i]t is inconceivable" that appellant could have been prejudiced in any way by the proceedings in the trial court. Even if the written notice which was apparently erroneously identified as intended for case number 89-385 is disregarded, there can be no question about the fact that both appellant and his attorney were aware that the state would seek habitual felony offender sentences if appellant qualified  it was an express term of the plea agreement by which appellant managed to convince everyone to give him one additional chance on community control. Moreover, there is no suggestion in the transcript of the sentencing hearing that either appellant or his attorney was surprised by or unprepared to deal with the state's request for imposition of habitual felony offender sentences. Accordingly, we hold that, on the facts presented, the failure to serve a written notice of intent to seek habitual felony offender sentences was harmless beyond any reasonable doubt. Therefore, we affirm.
AFFIRMED.
MINER and DAVIS, JJ., concur.