Robert Ray TRAVIS, Petitioner,

v.

Harry K. SINGLETARY, Jr., Secretary, Department of Corrections, State of Florida, Respondent.

No. 93–1245–CIV–T–17A.

United States District Court, M.D. Florida, Tampa Division.

Nov. 18, 1994.

Robert Ray Travis, pro se.

Katherine Vickers Blanco, Atty. General's Office, Dept. of Legal Affairs, Tampa, FL, for respondents Harry K. Singletary, Jr., Robert A. Butterworth.

## ORDER

KOVACHEVICH, District Judge.

This cause is before the Court on Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed July 21, 1993 (Docket No. 1) and the state's response and motion to deny (Docket No. 7).

Following a jury trial, Petitioner was convicted of burglary of a dwelling, battery, possession of a short barrelled shotgun, and possession of a firearm by a convicted felon. (R. 275–277; 282–284). At his sentencing hearing, Petitioner Travis was designated an habitual offender and sentenced to 30 years concurrent terms of imprisonment on each of the felony counts. (R. 318–319, 324).

Petitioner filed a direct appeal on June 4, 1990. In that appeal, Petitioner argued that the trial court erred in (1) failing to grant a motion for continuance made the day of the trial because of the unavailability of an essential witness, and, (2) erroneously sentencing him as a habitual offender when the state failed to give written notice of intent to seek an enhanced sentence. On direct appeal, the Second District Court of Appeal affirmed, *per curiam. Travis v. State,* 571 So.2d 480 (Fla. 2d DCA 1990).

In 1991, Petitioner filed a motion for correction of sentence pursuant to Rule 3.800. Petitioner alleged that his sentence was illegal because the state failed to file a written notice of intent to seek habitual offender treatment in the trial court, and that he was provided with ineffective assistance of appellate counsel. The motion was denied. The trial court stated that, although notice of intent to habitualize was not given, the record reflected the defense attorney's awareness of the state's intention to habitualize. Additionally, the court stated that the issue was previously reviewed and affirmed by the District Court, and consequently, the sentence would not be changed pursuant to rule 3.800(a) after the direct appeal. (Order Denying the Defendant's Motion for Correction of Sentence p. 2).

The trial court's denial of Petitioner's motion to correct sentence was affirmed on May 22, 1991 by the Second District Court of Appeal. *Travis v. State,* 581 So.2d 1323 (Fla. 2d DCA 1991).

Petitioner then filed a petition for writ of habeas corpus in the Second District Court of Appeal alleging ineffective assistance of appellate counsel. Petitioner claimed that his appellate counsel was ineffective in presenting a challenge to his habitual offender sentence, thus subjecting him to an illegal sentence and denying him due process. The Second District Court denied the petition on August 9, 1991. *Travis v. Singletary,* 585 So.2d 941 (Fla. 2d DCA 1991). The Court denied rehearing on September 10, 1991.

In 1992, the Petitioner filed a motion for post conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure. Petitioner alleged ineffective assistance of

trial counsel based upon (1) counsel's alleged inability to serve a subpoena properly and to use due diligence in preparing for trial, and (2) counsel's alleged failure to disclose a conflict of interest between a state witness and an assistant state attorney. The state argued that the defense counsel's failure to serve the witness was not material and had no effect on the outcome of the trial. As to the second issue raised by Petitioner, the state argued that even if any conflict of interest could be shown, it would be speculative at best and the defendant did not, and could not show any prejudicial effect on the outcome of the trial. On April 6, 1992, the trial court denied Petitioner's motion for post-conviction relief. On June 10, 1992, the trial court's order was affirmed *per curiam*. *Travis v. State*, 599 So.2d 1289 (Fla. 2d DCA 1992).

Petitioner has exhausted all available state court remedies. Respondent does not raise procedural default or exhaustion of state court remedies as issues to be considered by this court.

Petitioner raises three grounds in support of his present petition for habeas relief:

## I. INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

█ In order to prevail on a claim of ineffective assistance of counsel, a defendant must show that, (1) his counsel's performance was deficient, and (2) a reasonable probability that the result of the proceeding would have been different absent the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

█ Petitioner's first claim is that a possible conflict of interest existed which was not disclosed to the defendant or investigated by the public defender. Petitioner correctly

states in his petition that Don Ratteree, the brother of the state's only civilian witness, was an Assistant State Attorney who served in the 10th Circuit at the time of Petitioner's trial. When the Petitioner was originally arrested, Don Ratterree was an Assistant Public Defender in the 10th Circuit. However, Petitioner fails to make a showing that any conflict of interest occurred as a result of this circumstance.

Petitioner states in his memorandum in support of his petition that "the effect of this conflict is arguably speculative at this juncture." As the Supreme Court held in *Strickland*, "[p]rejudice is presumed only if the defendant demonstrates that counsel 'actively represented conflicting interests' and that 'an actual conflict of interest adversely affected his lawyer's performance.'" *Strickland* at 692, 104 S.Ct. at 2067 (quoting *Cuyler v. Sullivan*, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980)). Consequently, this Court finds the Petitioner's contention that an alleged conflict of interest resulted in ineffective assistance of counsel meritless.

█ Petitioner's second ineffective assistance of trial counsel claim stems from the failure of the public defender to secure a witness on defendant's behalf. From the record, it appears that John Scroggins, Sr. was subpoenaed, deposed and appeared to testify at trial. However, when the trial date was moved, the witness was not properly served,[1] and he did not testify at trial. While the actions of the Public Defender arguably fell below professional standards by failing to secure the defense witness, the outcome of the trial was not affected. The testimony that Petitioner relies upon from Mr. Scroggins is hearsay testimony and would not have been admissible had Mr. Scroggins testified.[2] Consequently, this claim fails to meet the second prong of the test in *Scroggins* and

---

1. The record indicates that there was confusion when the subpoena was to be served for the new trial date as to the correct identity of the defendant. The correct defendant had left the state prior to the second trial date. When the trial judge asked what had been done to check on the witnesses' availability and why there was no knowledge about the eminent departure of the witness from the state, the public defender replied, "Your Honor, candidly, I don't know."

2. According to the Petitioner and the record, Mr. Scroggin's testimony would have been that the victim told him that she had "set up" the defendant and that the victim owned the gun the defendant was convicted of possessing. This testimony is hearsay. Furthermore, the testimony could not be used as impeachment testimony because the victim did not testify at trial.

does not constitute a valid claim of ineffective assistance of counsel.

## II. INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

Petitioner claims that appellate counsel was ineffective in presenting a sentencing claim based on the absence of written notice of habitual offender treatment.

When a court considers an ineffective assistance of counsel claim, it need not make a specific ruling on the performance component of the test when it is clear that the prejudice component is not satisfied. *Strickland* at 696, 104 S.Ct. at 2069. The object of an ineffectiveness claim is not to grade counsel's performance. *Id.* Accordingly, this Court need only consider whether Petitioner was actually prejudiced by the state's failure to provide written notice of habitualization.

Petitioner contends that any time written notice of intent to habitualize is not filed, the sentence is illegal without regard to whether any harm actually results. *Grubbs v. State,* 412 So.2d 27 (Fla. 2d DCA 1982); *Nunziata v. State,* 561 So.2d 1330 (Fla. 5th DCA 1990). However, under the second prong of *Strickland,* there must be a reasonable probability that the outcome of the proceeding would have been different absent any deficient performance of counsel in order to obtain Federal habeas relief.

Because the record indicates that the defense counsel was aware of the state's intent to habitualize, there is no indication that the failure of the state to give notice, or the appellate counsel's alleged ineffective argument on the notice issue resulted in any prejudice to the Petitioner. Had the Petitioner been given a new sentence, he would have been sentenced as an habitual offender.[3] Therefore, since there is no reasonable probability that the result of the proceeding would have been different absent any alleged deficient performance of defense counsel, Petitioner's claim is meritless.

---

**3.** Petitioner had 10 previous felony convictions at the time of his original sentencing on August 23, 1989 and was released from prison only six

## III. PETITIONER DENIED RIGHT TO DUE PROCESS UNDER THE FIFTH AND SIXTH AMENDMENT CLAUSE OF THE UNITED STATES CONSTITUTION

Petitioner's third claim states the above violation based upon the absence of written notice of intent to seek an habitual offender sentence. In this count, Petitioner is seeking habeas relief for an issue of state law. Petitioner does not present any claim of Constitutional magnitude, and this Court may not intervene. *Krasnow v. Navarro,* 909 F.2d 451, 452 (11th Cir.1990); *Branan v. Booth,* 861 F.2d 1507, 1508 (11th Cir.1988).

Accordingly, the Court orders:

Respondent's request for denial of habeas relief (Doc. No. 7) is **GRANTED**. Petitioner's petition is **DISMISSED**, with prejudice. The Clerk is directed to close this case and to enter judgement accordingly.

**DONE AND ORDERED.**

months prior to committing the crimes for which he received the habitualized sentence. Thus, he has clearly attained habitual offender status.