PETERSON, Judge.
Antonio Cyril Deramus appeals three 30 year concurrent habitual offender sentences.
Deramus and the state entered a plea agreement pursuant to which a guidelines sentence was conditioned upon Deramus’ providing substantial assistance to the state. Upon Deramus’ failure to provide substantial assistance the court imposed the habitual offender sentences. In this appeal Deramus argues his habitual offender sentences violate the first prong of the rule set forth in Ashley v. State, 614 So.2d 486 (Fla.1993):
In sum, we hold that in order for a defendant to be habitualized follpwing a guilty or nolo plea, the following must take place prior to acceptance of the plea: 1) The defendant must be given written notice of intent to habitualize, and 2) the court must confirm that the defendant is personally aware of the possibility and reasonable consequences of habitualization.
Contrary to Deramus’ contention, the state did provide the written notice of intent required in Ashley. Pursuant to the plea agreement he and the state agreed to a “mid-recommended guidelines sentence.” They further agreed, “No habitual — abide by agreement.” We hold that the last-quoted satisfies the first prong of Ashley as it constituted advance written notice of intent to habitualize.
If there can be any question of the import of “No habitual — abide by agreement,” it is clarified by the plea colloquy. During the plea colloquy Deramus’ attorney stated:
He would be adjudicated guilty and sentenced in the mid-recommended guidelines range ... the state would not be seeking any habitual offender penalties as long as *1246 Mr. Deramus would abide by a substantial assistance agreement which he has executed.
Also, before accepting Deramus’ plea the court referred to the possible imposition of a habitual offender sentence should Deramus fail to abide by the plea agreement. The prosecutor responded:
I will put on the record that if he does not abide by his agreement, I would be in here, I will file a notice of intent to seek habitual offender penalties. I will be squawking very loudly for the maximum which would probably be a 90 year exposure.
Thereafter the court questioned Deramus on his understanding of the agreement. The court told Deramus that he qualified as a habitual offender and that, if he breached the plea agreement, the state would have the opportunity at that time to file a written notice asking the court to have him declared a habitual felony offender. In addition, the court told Deramus that he could receive a total sentence of 90 years, that as a habitual felony offender he would not receive any gain time, and that therefore he would serve a significant amount of that 90 years imprisonment.
Although both the state and the court at the plea colloquy referred to the possibility that a notice of intent would be filed later if Deramus violated the plea agreement, and although the state indeed filed a notice of intent after Deramus violated the agreement, nothing in the habitual offender statute or in Ashley prescribes a particular form of notice. Since the notice in the plea agreement was adequate under these circumstances at least, the second notice simply confirmed the state’s original notice and resolve to seek habitual offender penalties.
Furthermore, even if, notwithstanding the obvious intent of the parties, the written notice could be held inadequate, any inadequacy is harmless error because it is manifest in the record that before entering his plea Deramus had actual notice of the state’s intent to seek habitual offender sentencing in the event he violated the plea agreement. See Massey v. State, 609 So.2d 598 (Fla.1992); § 775.084(3)(b), Fla.Stat. (1993).
The requirements of the statute and of both prongs of Ashley having been met, the sentences are affirmed.
AFFIRMED.
DAUKSCH, J„ concurs.
W. SHARP, J., concurs specially, with opinion.