PER CURIAM.
Defendant appeals from the denial of his motion for post-conviction relief in which defendant sought to have his 1990 guilty plea vacated. The trial court, after an evidentiary hearing, rejected defendant’s claim that his lawyer had made affirmative misrepresentations concerning his eligibility for gain time. On appeal, defendant does not challenge the trial court’s findings, but for the first time asserts an Ashley violation. See Ashley v. State, 614 So.2d 486 (Fla.1993). We affirm.
In 1990 defendant pled guilty to all counts in two cases pending against him. His negotiated plea provided that he would be sentenced as a habitual felony offender to eighteen years on each of five felonies, to run concurrently. In 1992 defendant first filed his pro se motion to withdraw his plea pursuant to Florida Rule of Criminal Procedure 3.850, claiming ineffective assistance of counsel and involuntary guilty plea. He asserted that his lawyer did not investigate several witnesses in his case who would have established an alibi. Defendant further asserted that his lawyer told him “that by pleading guilty, I would receive basic gain-time, and control release credits by the Department of Corrections.” The trial court denied the motion summarily and this court reversed for an evidentiary hearing only on his claim “that he received ineffective assistance of counsel by virtue of his counsel’s erroneous advice that he would receive gain time and other credit while serving his habitual offender sentence.” Jones v. State, 636 So.2d 604, 604 (Fla. 4th DCA 1994).
Following an evidentiary hearing after remand, the trial court made a factual finding that defendant entered the negotiated pleas to avoid a possible sentence of life imprisonment. The trial court rejected as untrue defendant’s assertion that his lawyer made misrepresentations as to his eligibility for gain time, specifically finding a letter allegedly containing misrepresentations by counsel to be fabricated.
Defendant contends for the first time on appeal that he should be allowed to withdraw his plea because the dual require- *478 merits of Ashley were not met. Specifically, defendant asserts that he had no prior written notice of intent to declare him a habitual offender in one of his underlying eases, and alleges that he was not told of the collateral consequences of his plea in either case. Defendant failed to present this argument in 1992 when he first filed his 3.850 motion, on appeal from the summary denial of that motion, or to the trial court on remand. We, therefore, deem this claim to be not only waived, but time-barred. An Ashley violation does not give rise to an illegal sentence which may be vacated at any time, as now construed by Davis v. State, 661 So.2d 1193 (Fla.1994).
Furthermore, even if we were to consider the Ashley violation, any omission by the trial court would be harmless error because the trial court found that defendant entered this plea specifically to avoid a potential life sentence. See Horton v. State, 646 So.2d 253 (Fla. 1st DCA 1994), review denied, 659 So.2d 271 (Fla.1995); see also Massey v. State, 609 So.2d 598 (Fla.1992); cf. Watson v. State, 661 So.2d 72 (Fla. 2d DCA 1995). Defendant also had notice of the intent to habitualize, because his negotiated plea was to a habitual offender sentence. This is in marked contrast to the defendant in Ashley who entered his guilty plea without “a clue he would be habitualized or what habitualization meant — he had in effect been blindsided.” State v. Blackwell, 661 So.2d 282, 284 (Fla.1995).
Accordingly, we affirm the trial court’s order denying post-conviction relief.
WARNER, POLEN and PARIENTE, JJ., concur.