NORTHCUTT, Judge.
We reverse the denial of Michael Watson’s motion for postconvietion relief under Florida Rule of Criminal Procedure 3.850. For the reasons that follow, we remand with instructions to grant the motion.
In 1993, the State charged Watson with three counts of armed robbery and one count of robbery. Watson entered into a plea agreement under which he pleaded guilty to all charges and agreed to be sentenced as a habitual offender. In 1994, Watson filed a motion under rule 3.850. He alleged he had *743 been prejudiced by his guilty plea and sought to withdraw it on the ground that the sentencing court had not advised him of the consequences of a habitual offender sentence. The lower court initially denied Watson’s motion without an evidentiary hearing, and Watson appealed. We reversed and directed the lower court to hold an evidentiary hearing on his motion. Watson v. State, 661 So.2d 72 (Fla. 2d DCA 1995). The court complied with our instructions, but again denied Watson’s motion. Its denial rested on its conclusion that prior to Watson’s sentencing his public defender had advised him that a habitual offender sentence could affect his eligibility for gain time.
Our opinion in the first appeal directed the trial court to the requirements of Ashley v. State, 614 So.2d 486 (Fla.1993). In that case the Florida Supreme Court held that a defendant may be habitualized following a guilty or nolo plea only if (1) the defendant first has been given written notice of the State’s intention to seek a habitual offender sentence, and (2) the court has confirmed that the defendant is personally aware of the possibility and reasonable consequences of habitualization. 614 So.2d at 490.[1]
The record discloses that the first prong of Ashley was met in Watson’s case. Although at the hearing Watson’s former public defender reported that his file did not contain a copy of the State’s notice of its intent to seek an enhanced sentence, Watson had agreed to a habitual offender sentence in his written plea form. See Massey v. State, 609 So.2d 598, 599 (Fla.1992) (State’s failure to provide written notice harmless error where defendant had actual notice of its intent to seek a habitual offender sentence); Jones v. State, 676 So.2d 476, 478 (Fla. 4th DCA 1996) (defendant had actual knowledge of State’s intent to seek a habitual offender sentence because his negotiated plea agreed to such a sentence).
The second requirement of Ashley— that the court insure itself that the defendant understands the consequences of a habitual offender sentence — was not satisfied. At the evidentiary hearing in this case the public defender testified that his recollection of the matter was not strong, but he thought he had discussed the gain time consequences of a habitual offender sentence in a private conversation with Watson. The transcript of the sentencing hearing, however, shows the judge did not confirm that Watson understood the effect a habitual offender sentence might have on his eligibility for gain time. The record does not reveal any discussion of this issue before the court accepted Watson’s plea. In State v. Wilson, 658 So.2d 521 (Fla.1995), the defendant was permitted to withdraw his plea when the court did not discuss the gain time consequences of a habitual offender sentence, even though it did explain the maximum terms. We must, therefore, reverse the trial court’s denial of Watson’s rule 3.850 motion, and remand for entry of an order granting the motion and permitting him to withdraw his plea.
Reversed and remanded.
DANAHY, A.C.J., and THREADGILL, J., concur.

. The latter include longer maximum prison terms, possible minimum mandatory prison terms, and possible disqualification for certain early release programs.