705 So.2d 937 (1997)
Charles SALING, Appellant,
v.
STATE of Florida, Appellee.
No. 97-04010.
District Court of Appeal of Florida, Second District.
December 31, 1997.
Rehearing Denied February 6, 1998.
*938 PER CURIAM.
Appellant, Charles Saling, challenges the order of the trial court summarily denying his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Appellant's motion raises several grounds for relief. We affirm, without discussion, all but one of appellant's claims, and reverse and remand for further proceedings on his claim that he was not advised of the consequences of habitualization as required by Ashley v. State, 614 So.2d 486 (Fla.1993).
Appellant entered an open plea to armed robbery with a deadly weapon and was sentenced to life imprisonment as a habitual offender. In his motion, he alleged that his plea was involuntary because he was not informed that habitualization would prohibit him from qualifying for early release programs. This claim is cognizable in a rule 3.850 motion. See Watson v. State, 700 So.2d 742 (Fla. 2d DCA 1997). Furthermore, appellant sufficiently alleged prejudice because he claimed that, had he been informed he would lose his eligibility for early release programs if sentenced as a habitual offender, he would not have entered a plea, but would have proceeded to trial. See Newsome v. State, 704 So.2d 213 (Fla. 2d DCA 1997). The transcript of the plea hearing shows that appellant was not informed of any of the consequences of habitualization other than the fact that he could be sentenced to life imprisonment. On remand, if the trial court again summarily denies this claim, it shall attach those portions of the record which conclusively show that appellant was aware that he would not qualify for early release programs if he were to be sentenced as a habitual offender; otherwise, an evidentiary hearing will be necessary.
Affirmed in part, reversed in part, and remanded.
DANAHY, A.C.J., and BLUE and NORTHCUTT, JJ., concur.