763 So.2d 1155 (2000)
Gerald HOLLIS, Appellant,
v.
STATE of Florida, Appellee.
No. 99-2209.
District Court of Appeal of Florida, Fourth District.
January 19, 2000.
*1156 Gerald Hollis, Chipley, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Marrett W. Hanna, Assistant Attorney General, West Palm Beach, for appellee.
KLEIN, J.
Appellant appeals an order summarily denying his rule 3.800(a) motion to correct an illegal sentence. He argues that his habitual offender sentence is illegal because the state failed to serve him or his attorney with written notice of intent to habitualize, prior to sentencing. We affirm.
In March, 1996, after being convicted by a jury, appellant was sentenced to five years in prison as a habitual offender. Appellant did not appeal his conviction or sentence. He has now filed this rule 3.800(a) motion to correct illegal sentence, on the ground that the state failed to comply with section 775.084(3)(b), Florida Statutes which requires written notice of intent to habitualize as follows:
Written notice shall be served on the defendant and his attorney a sufficient time prior to the entry of a plea or prior to the imposition of sentence so as to allow the preparation of a submission on behalf of the defendant.
In State v. Mancino, 714 So.2d 429, 433 (Fla.1998), our supreme court observed that: "A sentence that patently fails to comport with statutory or constitutional limitations is by definition `illegal'" under rule 3.800(a). But also, our supreme court reiterated what it held in State v. Callaway, 658 So.2d 983 (Fla.1995), that rule 3.800(a) motions should be limited to "sentencing issues that can be resolved as a matter of law without an evidentiary determination." Mancino, 714 So.2d at 432.
The statute requires the written notice to be "served" on the defendant and counsel. Because the statute only requires service, and not filing, the absence of the notice from the court file would not be determinative as to whether the notice was served as required by the statute.[1] In addition, if there was actual notice, the lack of written notice can be harmless *1157 error. Massey v. State, 609 So.2d 598, 600 (Fla.1992) and Lewis v. State, 636 So.2d 154, 156 (Fla. 1st DCA 1994). An evidentiary hearing would thus be necessary in this case to determine whether the written notice was served or whether there was actual notice.[2]
Because the issue raised by appellant's rule 3.800(a) motion could not be resolved without an evidentiary hearing, the trial court was correct in denying it. Affirmed.[3]
GROSS and TAYLOR, JJ., concur.
NOTES
[1] Florida Rule of Criminal Procedure 3.030(c) requires copies of papers which must be served to be filed, but the lack of filing would not violate the statute.
[2] We also note that in Judge v. State, 596 So.2d 73 (Fla. 2d DCA 1991), the second district held that the notice requirement in the habitual offender statute is procedural and the lack of notice would not make a habitual offender sentence illegal for purposes of rule 3.800(a).
[3] We are aware of our supreme court's statement in State v. Thompson, 735 So.2d 482, 484 (Fla.1999), that compliance with the notice requirement is "a purely legal matter discernable from the record and no contemporaneous objection is required to preserve this issue for review on direct appeal." That statement, taken from Ashley v. State, 614 So.2d 486 (Fla.1993), was dicta. Thompson was not arguing that his sentence was illegal, but rather that his plea was uninformed. The quote was simply included in the Thompson court's description of Ashley, but not relevant to the issue at hand, as Justice Wells points out. Thompson, 735 So.2d at 486 (Wells, J., concurring in part and dissenting in part).