766 So.2d 1191 (2000)
Robert PITTS, Appellant,
v.
STATE of Florida, Appellee.
No. 5D99-2031.
District Court of Appeal of Florida, Fifth District.
September 15, 2000.
James B. Gibson, Public Defender, and Leonard R. Ross, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Pamela J. Koller, Assistant Attorney General, Daytona Beach, for Appellee.
THOMPSON, C.J.
Robert Pitts appeals his judgment and sentence as a habitual felony offender. We reverse.
Pitts was arrested on 8 February 1998 for burglary of a conveyance and petit theft. On 26 March 1998, Pitts appeared before the trial court to enter an "open" plea of guilty to the charges. During the plea hearing, the state asked the court to advise Pitts that the state could seek to have him sentenced as a habitual felony offender or a violent career criminal. When defense counsel informed the judge that no written notice of this intent had been provided to Pitts or his counsel, the trial court responded by speaking with Pitts:
Sir, they haven't filed that notice yet, but they are saying that you are eligible for it and they might fight that notice. And if they do file that notice, they might come in here on the 28th May [of] and say we want you to sentence him for much more than a normal guidelines sentence, we want as much as 15 years in prison. Knowing that, do you still want to enter a plea in this case?
Pitts indicated that he did.
Approximately one month later, the state filed its notice of intent to seek habitual offender penalties. Pitts moved to withdraw his plea of guilty because, as he testified at the hearing, he was informed by his counsel at the plea hearing that he could not be habitualized because of the state's failure to provide him with the written notice prior to his plea. Pitts also testified that he did not receive notice of the state's intent to seek habitual offender penalties until well after his plea proceeding. The trial court denied the motion to withdraw plea.
At sentencing, the trial court again rejected Pitts' objection to habitual felony offender sentencing. Pitts was adjudicated a habitual felony offender and sentenced to five years incarceration followed by five years of drug offender probation.
*1192 Written notice of the state's intent to seek habitual offender penalties must be provided to a defendant and his counsel prior to his plea or, in the event of a trial, prior to sentencing. As Section 775.084(3)(a)2, Florida Statutes (1997) states:

Written notice shall be served on the defendant and the defendant's attorney a sufficient time prior to the entry of a plea or prior to the imposition of sentence in order to allow the preparation of a submission on behalf of the defendant.
[e.s.] Ashley v. State, 614 So.2d 486 (Fla. 1993), is the controlling case on this point:
In sum, we hold that in order for a defendant to be habitualized following a guilty or nolo plea, the following must take place prior to acceptance of the plea: 1) The defendant must be given written notice of intent to habitualize, and 2) the court must confirm that the defendant is personally aware of the possibility and reasonable consequences of habitualization.
Ashley, 614 So.2d at 490 (footnote omitted); see also State v. Thompson, 735 So.2d 482 (Fla.1999); State v. Blackwell, 661 So.2d 282 (Fla.1995). Because the state failed to meet this bright-line rule, the judgment and sentence must be reversed because the motion to withdraw plea should have been granted.
The state argues that the actual notice given to Pitts at the plea hearing cures the failure to provide him written notice. Watson v. State, 700 So.2d 742 (Fla. 2d DCA 1997), and Massey v. State, 609 So.2d 598 (Fla.1992), are suggested as cases which support that theory. These cases, and other similar cases that do allow for actual notice in lieu of written notice, are not on point. In Watson, the Second District Court of Appeal held that the defendant's having agreed to an habitual offender sentence in a written plea form made the error harmless. See also Jones v. State, 676 So.2d 476, 478 (Fla. 4th DCA 1996)(defendant had actual knowledge of state's intent to seek a habitual offender sentence because his signed negotiated plea form recited such a sentence). There was no written plea agreeing to a habitual sentence here; rather, in the instant case Pitts entered an "open" plea and his attorney advised him that he could not be habitualized because of the state's failure to give him written notice of its intent to seek habitual offender penalties. Similarly, Massey is not on point, because Massey's attorney had received the written notice, the purpose of which is "to allow the preparation of a submission on behalf of the defendant." § 775.084(3)(a)2, Fla. Stat. (1999). Because there was a submission made in that case, the purpose of the statute was fulfilled. Furthermore, unlike Pitts, the defendant in Massey went to trial. Massey, 609 So.2d at 599. This "technical" oversight in Massey is not similar to the state's failure in the instant case to provide written notice until after the plea.
The judgment and sentence are reversed and remanded for proceedings consistent with this opinion. See Collins v. State, 665 So.2d 318 (Fla. 4th DCA 1995).
REVERSED and REMANDED.
COBB and GRIFFIN, JJ., concur.