PER CURIAM.
Appellant, David R. Cruz Ber-tances, appeals the denial of his motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Among the issues raised, the defendant argues that his trial counsel failed to properly advise him of the ramifications of his plea, and he claims that the lack of written notice of the State’s intentions to impose an habitual offender designation, as required by section 775.084(3)(a), Florida Statutes (2000), entitles him to the relief sought. As to the first point, a review of the transcript clearly refutes the defendant’s claim that he was not fully advised of the ramifications of his plea. As to the latter claim, on the authority of Ashley v. State, 614 So.2d 486 (Fla.1993), and section 775.084(3)(a), the order denying relief is reversed. The defendant did not receive the required written notice of intent to habitualize. Moreover, while such a claim is subject to a harmless error analysis, see Massey v. State, 609 So.2d 598 (Fla.l992)(observing the purpose of requiring a prior written notice is to advise of the State’s intent and give the defendant and the defendant’s attorney an opportunity to prepare for the hearing), unlike Massey, the fact pattern sub judice does not demonstrate the defendant’s actual knowledge prior to hearing of the intention to habitualize, nor is a harmless error argument advanced by the State.
Accordingly, the defendant’s habitual offender sentence is vacated and the case remanded for resentencing.