HARRIS, C., Senior Judge,
dissenting.
Appellant was convicted of burglary of a conveyance and petit theft. He was sentenced to ten years as a habitual offender. In this 3.850 appeal, Appellant claims his attorney was ineffective in giving him incorrect advice when he was considering a plea offer. Appellant claims that he rejected the State’s offer of seven years only because his attorney told him that he could not be sentenced as a habitual offender in any event because the State had not served him with a written notice of intent to seek habitualization as required by section 775.084(3)(a)2, Florida Statutes (1999), which provides:
Written notice shall be served on the defendant and the defendant’s attorney *709 a sufficient time prior to the entry of a plea or prior to the imposition of a sentence in order to allow the preparation of a submission on behalf of the defendant.
Appellant’s position is that his counsel construed this provision as requiring written notice of intent to habitualize prior to a plea offer and advised him accordingly.
Appellant alleged that because he relied on this advice, he rejected the opportunity to plead to a reduced habitual sentence, believing that the state had waived its opportunity to habitualize him by failing to timely serve the written notice and that he could not be prejudiced by going to trial. If defense counsel gave such advice, he may have been confused by the law in this district prior to Massey v. State, 589 So.2d 336 (Fla. 5th DCA 1991); approved, 609 So.2d 598 (Fla.1992). In Massey, for the first time, we held, based on the harmless error rule, that the statute’s requirement of written notice was inapplicable if the defendant had actual notice that the State would seek habitualization. Before Massey, however, the requirement of written notice was strictly enforced, even if no harm could be shown. See, e.g., Nunziata v. State, 561 So.2d 1330 (Fla. 5th DCA 1990). Even though the statute requires only that the written notice be given before the entry of a plea (and does not mention an offer of plea based on a reduced habitualized sentence), the question before us is not whether counsel’s advice, if given, was right or wrong; the claim herein of ineffective assistance of counsel assumes incorrect advice.
Clearly, if defendant turned down a favorable plea offer based on bad legal advice, he is entitled to relief. See Lertñs v. State, 751 So.2d 715 (Fla. 5th DCA 2000); Young v. State, 608 So.2d 111 (Fla. 5th DCA 1992). The issue on appeal then, since defendant was denied an evidentiary hearing, is whether the record establishes that the alleged incorrect advice was not given or that such advice was not relied upon by defendant. Since the record does not so indicate, I would remand for an evidentiary hearing to resolve this issue.
It is true that prior to trial but after the plea offer was rejected, the judge questioned the defendant concerning his knowledge of the State’s plea offer of seven years based on his status as a habitual offender and the defendant acknowledged that he was aware of the offer and that he had turned it down. But this is apples and oranges. This does not refute defendant’s allegation that he turned down the offer only because he was advised that by not timely serving the required notice, the State had waived its opportunity to seek habitual sentencing. It is also true that after his conviction, defendant was advised that the State was seeking habitualization and it is also true that defendant could not show that he did not qualify as a habitual offender. But again, neither of these facts refutes defendant’s allegation that at the time he rejected the plea offer, he was acting under his counsel’s erroneous advice that even if he went to trial and lost, the State would be unable to obtain habitual offender sentencing.
We should require an evidentiary hearing to permit Appellant to prove, if he can, that counsel misinformed him concerning the plea offer, that he would have accepted the offer but for the bad advise, and that acceptance would have resulted in a lesser sentence.