890 So.2d 1257 (2005)
Anthony AKERS, Appellant,
v.
STATE of Florida, Appellee.
No. 5D03-2973.
District Court of Appeal of Florida, Fifth District.
January 21, 2005.
*1258 Ryan Thomas Truskoski of Ryan Thomas Truskoski, P.A., Orlando, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Belle B. Schumann, Assistant Attorney General, Daytona Beach, for Appellee.
SAWAYA, C.J.
Anthony Akers appeals the habitual felony offender and prison releasee reoffender sentences imposed after he entered an open plea of guilty to the court to various charges. The specific issue we must resolve is whether the trial court erred in imposing the habitual felony offender and prison releasee reoffender sentences when the State failed to serve Akers with written notice of its intent to seek these enhanced sentences before Akers entered his plea.
The facts surrounding the commission of the crimes to which Akers pled guilty are not important to the resolution of the issue before us, so we will proceed to discuss the procedural background relating to the service of the written notices on Akers. Approximately two or three days after Akers entered his plea, the State filed written notice of its intent to seek enhanced penalties as a prison releasee reoffender. It is not clear when, or if, Akers was actually served with the notice. The State filed its written notice to seek a habitual felony offender sentence shortly before the sentencing hearing and actually served Akers with the notice during the hearing. Akers timely objected to the fact that he had not been timely served with either notice. The trial court, nevertheless, sentenced Akers as follows: five years in prison as a prison releasee reoffender for the offense of resisting an officer with violence (count two); five years in prison as a habitual felony offender for possession of burglary tools (count three) concurrent with count two; three years in prison as a habitual offender for the offense of criminal mischief (count four) consecutive to counts two and three; and sixty days in jail with credit for time served for petit theft. The State dismissed three other charges.
The argument of lack of timely written notice of the State's intent to seek these *1259 enhanced penalties involves two interrelated yet discrete sentencing issues. While a sentence as a prison releasee reoffender or habitual felony offender results in enhanced penalties based on a defendant's prior criminal history, analysis of the pertinent statutory provisions relating to each category of sentence leads us to conclude that timely notice is required for a habitual felony offender sentence, but not for a prison releasee reoffender sentence. Since Akers' argument with respect to his prison releasee reoffender sentence affords him no right to the relief he requests, we will next address that sentence briefly.
A prison releasee reoffender is defined as "any defendant who commits, or attempts to commit ... [a]ny felony that involves the use or threat of physical force or violence against an individual ... within 3 years after being released from a state correctional facility ... following incarceration for an offense for which the sentence is punishable by more than 1 year in this state." § 775.082(9)(a)1.o., Fla. Stat. (2002). The Prison Releasee Reoffender Act, section 775.082(9), Florida Statutes (2002), does not increase a defendant's penalty beyond the statutory maximum; rather, it puts limits on the trial court's discretion. Stabile v. State, 790 So.2d 1235 (Fla. 5th DCA 2001), approved, 838 So.2d 557 (Fla.2003). If the state, therefore, establishes by a preponderance of the evidence that a defendant meets the definition of a prison releasee reoffender, the defendant must be sentenced for a term of imprisonment of five years if the crime committed was a felony of the third degree. § 775.082(9)(a)3.d., Fla. Stat. (2002). Applying these statutory provisions to the instant case, we conclude that because Akers committed the offense of resisting an officer with violence  a third degree felony  within three years of his release from prison, the trial court was required to sentence Akers to five years in prison as a prison releasee reoffender. See Clark v. State, 790 So.2d 1030 (Fla.2001) (holding that the offense of resisting an officer with violence is an offense that may qualify a defendant for enhanced penalties as a prison releasee reoffender). We have analyzed the Prison Releasee Reoffender Act and have found no requirement therein that a defendant be given written notice of the state's intent to seek enhanced penalties as a prison releasee reoffender. Therefore, the trial court correctly rejected Akers' notice argument and properly imposed the sentence required under the Act. Accordingly, we affirm the five-year prison sentence Akers received as a prison releasee reoffender.
Unlike the statutes governing sentencing as a prison releasee reoffender, before a defendant can be properly sentenced as a habitual felony offender, "[w]ritten notice shall be served on the defendant and the defendant's attorney a sufficient time prior to the entry of a plea or prior to the imposition of sentence in order to allow the preparation of a submission on behalf of the defendant." § 775.084(3)(a)2., Fla. Stat. (2002). The provision requiring service of the notice before sentencing generally applies to a conviction after trial. In order to impose a sentence as a habitual felony offender following a plea, the defendant must be served with the notice a sufficient time prior to the plea, and the trial court must confirm that the defendant is personally aware of the consequences of such a sentence when the plea is actually entered. Ashley v. State, 614 So.2d 486 (Fla.1993); Pitts v. State, 805 So.2d 1087 (Fla. 5th DCA 2002) (Pitts II); Pitts v. State, 766 So.2d 1191 (Fla. 5th DCA 2000) (Pitts I).
We are aware of decisions that hold the harmless error analysis applies to instances *1260 where a defendant was not given timely notice pursuant to section 775.084(3)(a)2. See Massey v. State, 609 So.2d 598 (Fla.1992); Cruz Bertances v. State, 838 So.2d 620 (Fla. 3d DCA 2003) (holding that failure to serve written notice is subject to harmless error analysis.) The State seeks to have the harmless error analysis applied in this case, pointing out that several months before Akers entered his plea, Akers attended a hearing where the attorney for the State advised the trial judge that Akers "could be scored as habitual felony offender, doubling the felony sentence." The State contends that this statement by counsel to the judge gave Akers notice of the State's intent to actually seek a habitual felony offender sentence and that the error in failing to give him timely written notice pursuant to the statute is thus harmless. We disagree for two reasons.
First, a statement made by counsel for the State to the trial judge that Akers could qualify for a habitual felony offender sentence is not necessarily notice to Akers, and it is not notice that the State actually intends to seek such a sentence. What Akers could be sentenced to, and what the State actually intends to seek as a sentence, are two different things. In the context of timely notice of habitualization, it is not sufficient notice to Akers to say what the State could do; the law requires that Akers be given timely written notice of what the State actually intends to do.
Second, this court in Pitts I rejected a similar argument based on a direct statement to the defendant that the state could seek a sentence as a habitual felony offender. When the defendant in Pitts I appeared to enter an open plea, counsel for the state requested the trial court to advise the defendant that the state intended to seek an enhanced sentence as a habitual felony offender. The trial court advised the defendant of the state's intent and further advised him that the state had not filed written notice. The trial court asked the defendant whether he still wished to enter a plea and the defendant responded that he did. The written notice was actually filed about a month later. Despite the fact that the defendant had actual notice of the state's intention prior to the plea, this court reversed the sentence and held that the failure to provide the defendant with written notice prior to entry of the plea required reversal of the habitual felony offender sentence. See also Gray v. State, 829 So.2d 986 (Fla. 1st DCA 2002). Because the defendant in Pitts I had actual notice of the state's intent prior to the plea and entered a plea with knowledge that the state had not properly served a written notice, the facts in Pitts I are more compelling for affirmance of the enhanced sentence than those presented in the instant case. This court, nevertheless, reversed the habitual felony offender sentence in Pitts I, and we are bound to do likewise in the instant case. Based on the facts and circumstances of the instant case, we reject the argument that the sort of notice advanced by the State fulfills the notice requirement of section 775.084(3)(a)2. or constitutes harmless error.[1]
We affirm the sentences imposed on Akers as a prison releasee reoffender and for petit theft. Regarding the habitual felony offender sentences imposed for counts three and four, those sentences are reversed and this case is remanded for resentencing in accordance with Pitts II. State v. Jefferson, 665 So.2d 1057 (Fla.1996); Gray.
*1261 AFFIRMED in part, REVERSED in part, and REMANDED.
PLEUS and PALMER, JJ., concur.
NOTES
[1] We also reject the argument made by the State that Akers failed to properly preserve the notice issue for review by this court. See State v. Thompson, 735 So.2d 482 (Fla.1999); see also Gray.