970 So.2d 878 (2007)
Felix VANN, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-674.
District Court of Appeal of Florida, Second District.
December 12, 2007.
James Marion Moorman, Public Defender, and Brad Permar, Assistant Public Defender, Bartow, for Appellant.
*879 Bill McCollum, Attorney General, Tallahassee, and Ronald Napolitano, Assistant Attorney General, Tampa, for Appellee.
LaROSE, Judge.
Felix Vann entered an open plea to sale of a controlled substance within 1000 feet of a church, possession of cocaine, and possession of drug paraphernalia. The trial court sentenced him as a habitual felony offender (HFO) to fifteen years in prison. Mr. Vann argues that the trial court erred in imposing an HFO sentence because the State did not serve its written HFO notice until after he entered his plea. Mr. Vann failed to preserve this issue for appeal. Accordingly, we affirm his conviction and sentence.
Section 775.084(3)(b)(2), Florida Statutes (2004), the HFO statute, provides that "[w]ritten notice shall be served on the defendant and the defendant's attorney a sufficient time prior to the entry of a plea or prior to the imposition of sentence in order to allow the preparation of a submission on behalf of the defendant" (emphasis added). The supreme court has held that "`the State shall serve notice on the defendant either before he enters a plea of guilty or nolo contendere, or, in the event he enters a plea of not guilty and submits to trial, prior to the imposition of sentence.'" Ashley v. State, 614 So.2d 486, 490 (Fla.1993) (some emphasis added) (quoting Inmon v. State, 383 So.2d 1103, 1104 (Fla. 2d DCA 1980)).
Although Mr. Vann's plea agreement reflects that he was aware that the maximum possible sentence was thirty years, that he might receive an HFO sentence, and that an HFO sentence might make him ineligible for gain time, he received legally insufficient notice because the State did not timely provide him with notice of its actual intention to seek an HFO sentence.
What [the defendant] could be sentenced to, and what the State actually intends to seek as a sentence, are two different things. In the context of timely notice of habitualization, it is not sufficient notice to [the defendant] to say what the State could do; the law requires that [the defendant] be given timely written notice of what the State actually intends to do.
Akers v. State, 890 So.2d 1257, 1260 (Fla. 5th DCA 2005). Failure to follow this bright-line procedural rule ordinarily calls for resentencing without the HFO designation. Akers, 890 So.2d at 1258-60; Ashley, 614 So.2d at 491.
However, Mr. Vann did not object at sentencing, nor did he file a motion to correct sentence under Florida Rule of Criminal Procedure 3.800(b)(2). Consequently, he failed to preserve the issue as required by Florida Rule of Appellate Procedure 9.140(b)(2)(A)(d) and section 924.051(3),[1] Florida Statutes (2004). We affirm the conviction and sentence without prejudice to any right Mr. Vann may have to file a motion for postconviction relief.
Affirmed.
DAVIS, J., and ST. ARNOLD, JACK R., Associate Judge, Concur.
NOTES
[1] Section 924.051 (the Criminal Appeal Reform Act) took effect July 1, 1996. Ch. 96-248, § 9, at 257, Laws of Fla. Prior to the Act, no contemporaneous objection was required to preserve for appeal the lack of compliance with the section 775.084(3)(a) notice requirement. See, e.g., Ashley, 614 So.2d at 490 (reasoning that notice was a purely legal matter requiring no factual determination).